**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JAIME CLOW CRUZ-AMAYA, AKA Jaime Laclow Cruz-Amaya, AKA Jaime Leclow Cruz-Amaya,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 11-73462<br><br>Agency No. A094-772-186<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]
San Francisco, California

Before: D.W. NELSON, McKEOWN, and M. SMITH, Circuit Judges.

Jaime Clow Cruz-Amaya ("Cruz-Amaya") petitions for review of his final

order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny

the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cruz-Amaya contends that he is eligible for asylum as a member of the particular social group of "child laborers" in El Salvador.[1] The BIA and IJ convincingly reasoned that a social group as broad and amorphous as all child laborers within a country does not satisfy the social group requirement. We agree. *See Ramos-Lopez v. Holder*, 563 F.3d 855, 861–62 (9th Cir. 2009) (rejecting social group consisting of young men who resisted gang recruitment because "[o]nly shared experience—that of gang recruitment—unites them."), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 746 (9th Cir. 2008) (rejecting social group of young men who resist gang violence). Child laborers as a group is less defined than the groups rejected in *Santos-Lemus* and *Ramos-Lopez* because it is not limited by a particular gender, shared action, or belief. Moreover, Cruz-Amaya did not show that child laborers as a group have social visibility. *See Donchev v. Mukasey*, 553 F.3d 1206, 1219 (9th Cir. 2009) (explaining that general

---

[1] The BIA's determination in an unpublished decision that a proposed group does not meet the "particular social group" requirement is a matter of statutory interpretation that this court considers for "the validity of the BIA's reasoning, its thoroughness, and overall persuasiveness, and give[s] it weight accordingly." *United States v. Casasola*, 670 F.3d 1023, 1030 (9th Cir. 2012) (internal quotation marks omitted). We review the decisions of both the BIA and the IJ where, as here, the BIA added its own reasoning to the IJ's determination. *Vahora v. Holder*, 641 F.3d 1038, 1042 (9th Cir. 2011).

2

classifications such as a group's affluence do not meet the social visibility requirement).  Finally, Cruz-Amaya did not show that he was forced to become a child laborer because of a protected attribute or that he was otherwise persecuted because of a protected attribute.  *Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010).

On review of the immigration judge's decision, the Board of Immigration Appeals ("BIA") incorrectly stated at three points that Cruz-Amaya is a citizen of Mexico.  This unfortunate error was harmless.  *Vides-Vides v. I.N.S.*, 783 F.2d 1463, 1469 (9th Cir. 1986) (applying harmless error review to immigration judge's decision).  The BIA's conclusion that child laborers are not a social group for asylum purposes accords with this circuit's precedent.  Additionally, the BIA's determination was based on Cruz-Amaya's testimony concerning his personal circumstances, which the BIA correctly summarized, rendering the country of origin misstep inconsequential.

**PETITION FOR REVIEW DENIED.**